UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **RUSSELL L. JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:07-CV-58 |
| | ) | |
| | ) | |
| **CHASE MANHATTAN BANK USA, NA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter, a case brought by the *pro se* Plaintiff under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*, is before the Court on the Defendant Chase Manhattan Bank USA, NA's Motion to Compel Discovery Responses, filed October 5, 2007. (Docket # 15.) The *pro se* Plaintiff Russel L. Jones filed an objection to Chase's Motion to Compel on November 5, 2007. (Docket # 18.) A hearing was held on November 5, 2007, and the Court took the matter under advisement. (Docket # 19.)

Defendant seeks to compel the Plaintiff to fully respond to a series of Interrogatories, a number of Requests for Production of Documents, and Request for Admission number 5. The Plaintiff objects, claiming that the information sought by the Defendant is irrelevant, that the Defendant is not entitled to information regarding the Plaintiff's source of information, and that the Plaintiff cannot provide information that is not in his possession. Having taken the matter under advisement, the Court now finds that Chase's Motion to Compel should be GRANTED.

1

## II.  ANALYSIS

In general, "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed.R.Civ.P. 26(b)(1).  For purposes of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Furthermore, Federal Rule of Civil Procedure 33, for example, empowers a party to serve written interrogatories on another party, and imposes a duty on the served party to answer each interrogatory "separately and fully."   Fed R. Civ. P. 33(a), (b).  According to Rule 37, if a party does not respond to an interrogatory, the party requesting the discovery may move the Court to compel the opposing party to respond.  *See* Fed.R.Civ.P. 37(a)(2)(B).  "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."  Fed.R.Civ.P. 37(a)(3).

Notably, this Court has broad discretion when deciding whether to compel discovery. Fed. R. Civ. P. 26(c); *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998); *Gile v. United Airlines, Inc*., 95 F.3d 492, 495-96 (7th Cir. 1996).

Having examined Defendant's discovery requests, the information sought, as we will discuss, is clearly relevant since it "bears on, or . . . reasonably could lead to other matters that could bear on, any issue that is or may be in the case."  *Oppenheimer*, 437 U.S. at 351.

To explain, the Plaintiff contends that there should be no discovery at all because there

2

was no agreement for arbitration concerning any credit account, a point of view the Defendant clearly disputes.  Accordingly, the existence and enforceability of the purported arbitration agreement is a matter of relevant discovery.  Moreover, the Defendant seeks discovery concerning other relevant information and materials; in short, the Defendant's discovery is designed to address issues concerning the Plaintiff's claims and defenses or the Defendant's claims and defenses, and thus is entirely proper.  *See* Fed. R. Civ. P. 26(b)(1).

Also relevant are the Plaintiff's sources of information obtained both before and during the course of this litigation.  The fact that the Plaintiff may be utilizing other individuals as resources to prosecute this case (and perhaps others like it) suggests that those individuals have discoverable information regarding the Plaintiff's claims and defenses.  Fed. R. Civ. P. 26(b)(1).  Indeed, we know the information sought is discoverable, that is, relevant, because it should have been part of the Plaintiff's initial disclosures under Federal Rule of Civil Procedure 26 (a)(1)(A).

The Plaintiff further claims that he cannot provide the Defendant with information not in his possession.  For example, the Defendant asks Plaintiff in Interrogatory number 23 to identify errors in his billing statement that form the basis for his cause of action under the Truth in Lending Act.  The Plaintiff contends, however, that he does not have that information because the Defendant has failed to provide him with materials he has requested.  However, it is not a proper objection to discovery to suggest that the other party already has the information or that it is available elsewhere.  *E.g., Abrahamsen v. Trans-State Express, Inc.*, 92 F.3d 425, 428 (6th Cir. 1996).  Obviously, the Plaintiff maintained that there were billing errors when he initiated this law suit, and it is appropriate for the Defendant to test the source and validity of these assertions through discovery.  Fed R. Civ. P. 26(b)(1).

3

### III. CONCLUSION

Because the Plaintiff's responses to the Defendant's discovery requests are incomplete, or in some instances non-responsive, the Defendant's Motion to Compel is GRANTED and the Plaintiff's objections are overruled.  The Plaintiff is to respond fully to the following by November 26, 2007: Interrogatory numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 18, and 19; Requests for Production of Documents numbers 1, 5, 6, 8, 9, 10, 12, 13, 14, 16, 18, 20, 21, 22, 23, 24, 25, and 26; and Request for Admission number 5.  If the Defendant is seeking fees or expenses for having brought the current motion, counsel is to file an affidavit in support on or before November 13, 2007.  The Plaintiff shall have to and including November 26, 2007, as well, to respond to the Defendant's requests for fees and expenses.  The Defendant shall have until December 5, 2007, to file a reply on the issue of fees and expenses.

Enter: November 5, 2007.

                                                      S/Roger B. Cosbey
                                                     Roger B. Cosbey
                                                     United States Magistrate Judge